UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW VERGALES,
an individual,

    Plaintiff,

v.

Case No.: 8:23-cv-01934

CAPITAL ONE BANK (USA), N.A.,
a national association,

    Defendant.
_____/

## COMPLAINT

**COMES NOW**, Plaintiff, ANDY VERGALES (hereinafter, "Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, CAPITAL ONE BANK (USA), N.A. (hereinafter, "Defendant"). In support thereof, Plaintiff states:

### PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, costs, and attorney fees for Defendant's violations of the Fair Credit Billing Act (part of the Truth in Lending Act), 15 United States Code, Section 1666 and Regulation Z issued thereunder (hereinafter, the "FCBA"), wherein Defendant: (1) failed to limit the liability for erroneous charges on his Capital One credit card account within the bounds of the FCBA; (2) failed to investigate and explain the transfer charges; (3) failed to correct the errors within two complete billing cycles after receipt of notice from Plaintiff; and (4) continued reporting false and adverse information to the credit

1

reporting agencies both before and after Plaintiff's disputes.

2. This is also an action for damages for Defendant's violations of the Florida Consumer Collection Practices Act, Chapter 559 Florida Statutes (hereinafter, the "FCCPA"), wherein Defendant communicated with Plaintiff in an attempt to collect a consumer debt Defendant knew was not legitimately owed by Plaintiff.

## JURISDICTION, VENUE & PARTIES

3. Jurisdiction of this Court arises under 28 United States Code, Section 1331 and 1367 as well as pursuant to 15 United States Code Section 1640(e). The Court has authority to issue a declaratory judgment under 28 United States Code, Section 2201 and has supplemental authority over Plaintiff's FCCPA claims pursuant to 28 United States Code, Section 1367.

4. Defendant is subject to the jurisdiction of this Court as Defendant regularly transacts business in this District.

5. Venue is proper in this District as the acts and events described herein originate in this District.

6. At all material times herein, Plaintiff is a natural person residing in Hillsborough County, Florida.

7. At all material times herein, Capital One is a national association with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102.

8. At all times relevant hereto, Defendant, in the ordinary course of business, regularly extends credit cards to consumers residing in Hillsborough County,

2

Florida and attempts to collect balances allegedly owed on such consumer credit card accounts.

## GENERAL ALLEGATIONS

9. At all material times herein, Plaintiff is a "debtor" or "consumer" as defined by the FCBA and FCCPA because he is an individual and allegedly obligated to pay a debt.

10. At all material times herein, Defendant is a "creditor" as defined by 15 United States Code, Section 1602(g) and the FCCPA, Section 559.55(5) because Defendant regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness, or, by agreement if there is no such evidence of indebtedness.

11. At all material times herein, Defendant is a "person" subject to the FCCPA, Section 559.72.  *See* Fla. Stat. § 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

12. At all material times herein, Plaintiff is an obligor with respect to a Capital One credit card issued by—and payable to—Defendant referenced by account number ending -6314 (hereinafter, the "Credit Card Account").

13. At all material times herein, Defendant attempts to collect an alleged consumer debt, including but not limited to, an alleged balance owed by Plaintiff on

3

the Credit Card Account (hereinafter, the "Alleged Debt").

14. At all material times herein, the Alleged Debt is a consumer debt, an alleged obligation resulting from a transaction for goods or services incurred primarily for personal, household, or family use.

15. At all material times herein, Defendant's conduct, with respect to the Alleged Debt complained of below, qualifies as "communication" as defined by the FCCPA, Section 559.55(2).

16. More specifically, at all material times herein, Defendant sent written correspondence to Plaintiff asserting a balance owed and requesting payment on the Alleged Debt.

17. At all material times herein, Defendant acts itself or through its agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

18. All necessary conditions precedent to the filing of this action occurred, or Defendant waived or excused the same.

## FACTUAL ALLEGATIONS

19. On or about August 27, 2022, Plaintiff visited a Circle K in Palmetto, Florida and attempted to purchase a $400.00 Circle K gift card through one of the store's gift card dispensing machines.

20. During the course of this transaction, Plaintiff swiped his Capital One credit card twice and the cashier informed Plaintiff that the transactions had been declined.

21. Plaintiff's card was in fact charged twice, specifically, in the amounts of $400.00 and $400.00, totaling $800.00 in charges (hereinafter, the "Charges"). Please see attached a true and correct copy of Plaintiff's August 2022 monthly billing statement showing the charges attached as Exhibit "A."

22. Plaintiff did not receive the benefit of his purchase because he received a gift card with a $0.00 instead of a $400.00 balance.

23. Plaintiff did not owe any debts to Circle K as of August 27, 2022, and Circle K did not possess permission or authority to charge Plaintiff's Credit Card Account on August 27, 2022 other than in exchange for a Circle K gift card with a $400.00 balance.

24. Shortly thereafter, on or about August 27, 2022, Plaintiff disputed the Charges to Defendant with a written dispute via fax wherein Plaintiff advised Defendant that Plaintiff was charged twice for an item he did not receive and that Plaintiff did not owe a legitimate debt to Circle K. Plaintiff requested that Defendant credit or reimburse Plaintiff's Credit Card Account in the amount of $800.00.

25. As such, prior to August 30, 2022, Defendant received notice and possessed actual knowledge that Plaintiff did not receive the item associated with the erroneous charges and therefore did not receive the benefit of the charges and did not legitimately owe the $800.00 charged to his Credit Card Account on August 27, 2022.

26. On August 30, 2022, Defendant sent two (2) letters to Plaintiff, advising Plaintiff that Defendant temporarily credited Plaintiff's account for $400.00 per charge, totaling $800.00, requesting additional information to finalize the dispute, and

enclosing a form to be returned by Plaintiff prior to September 20, 2022.

27. During or about September 2022, Defendant sent Plaintiff his monthly billing statement for the Credit Card Account showing the erroneous charges and the credited amounts for the first time. *See* Ex. A.

28. Prior to September 20, 2022, Plaintiff returned the enclosed form to Defendant notifying Defendant that the Charges were duplicated in error and that Plaintiff had not received the benefit of the purchase he made.

29. More specifically, Plaintiff disputed the transactions to Defendant by stating Plaintiff received receipts from Circle K showing the attempted charges as declined.

30. Defendant received Plaintiff's completed dispute form.

31. However, Defendant did not investigate, correct, and/or explain the disputed charges to Plaintiff within thirty (30) days of receiving Plaintiff's completed dispute form.

32. Defendant did not investigate, correct, and/or explain the disputed charges to Plaintiff within two (2) billing cycles after receiving Plaintiff's completed dispute form.

33. On October 10, 2022, despite Defendant temporarily crediting the erroneous charge amounts back to Plaintiff's credit card account and despite receiving the information requested from Plaintiff, Defendant sent two (2) letters to Plaintiff, purportedly verifying the erroneous $400.00 charges—totaling $800.00—as legitimately owed by Plaintiff, and therefore, Defendant denied Plaintiff's dispute and

6

reapplied the charges to Plaintiff's account.

34. During or about October 2022, Defendant sent Plaintiff his monthly billing statement for the Credit Card Account showing the reversal of one of the previously credited Charges, listed as a "PURCHASE ADJUSTMENT."

35. Despite Plaintiff previously disputing the charges to Defendant and despite those charges being credited back to Plaintiff, the total balance allegedly owed on the Credit Card Account included the one of the two $400.00 Charges.

36. Defendant's monthly billing statement for October 2022 was communicated directly to Plaintiff in an attempt to collect the Alleged Debt from Plaintiff despite Defendant possessing knowledge that Plaintiff did not receive the benefit of the Charges, and therefore, despite Defendant knowing that Plaintiff did not legitimately owe the Alleged Debt.

37. Shortly thereafter—and prior to December 5, 2022—Plaintiff *again* disputed the Charges to Defendant and Plaintiff advised Defendant that Plaintiff was charged twice for an item he did not receive and that Plaintiff did not owe a legitimate debt to Circle K. Plaintiff requested that Defendant credit or reimburse Plaintiff's Credit Card Account in the full amount of $800.00.

38. Within sixty (60) days after transmission of the October 2022 monthly statement, Plaintiff once again disputed the charges to Defendant as unauthorized and fraudulent in nature.

39. During or about December 2022, Defendant sent Plaintiff his monthly billing statement for the Credit Card Account showing the reversal of one of the

7

previously credited Charges, listed as a "PURCHASE ADJUSTMENT." Please see attached a true and correct copy of said monthly billing statement labeled as Exhibit "B."

40. Defendant's monthly billing statement for December 2022 was communicated directly to Plaintiff in an attempt to collect the Alleged Debt from Plaintiff despite Defendant possessing knowledge that Plaintiff did not receive the benefit of the Charges, and therefore, despite Defendant knowing that Plaintiff did not legitimately owe the Alleged Debt.

41. Defendant knew or should have known that the collective $800.00 in charges and subsequent billing errors were the result of an error because Plaintiff disputed the Charges with Defendant after the charges had been made and Plaintiff also sent a written dispute after the charges explaining that the charges should be reversed.

42. Defendant cannot claim payment or report nonpayment in excess of $50.00. 15 U.S.C. § 1666(e).

43. Indeed, Defendant has engaged in a pattern or practice of non-compliance with the requirements of the FCBA.

44. A review of PACER, Westlaw, and the CFPB Complaint database reveals that Defendant has repeatedly been sued for violations of the FCBA and/or received complaints from consumers asserting that Defendant wrongfully sought payment on amounts not legitimately owed, failed to correct its errors in response to consumer disputes, and failed to reverse illegitimate charges on credit card accounts.

8

45. Plaintiff retained Swift Law PLLC for the purpose of pursuing this matter against Defendant, and Plaintiff is obligated to pay his attorneys a reasonable fee for their services.

46. As a result of Defendant's actions and/or inactions, Plaintiff has incurred economic damages including but not limited to additional interest charged on his credit card account.

47. Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, and confusion, believing that despite Plaintiff's repeated dispute efforts, Plaintiff must simply endure Defendant's indifference to his fraud claims and be held financially responsible for an illegitimate debt.

48. The FCBA provides for the award of actual damages, statutory damages in the amount of double the finance charge, pursuant to 15 U.S.C. § 1640(a)(2), with a minimum award of $500.00 and a maximum award of $5,000.00, or such higher amount as may be appropriate in light of the Defendant's pattern or practice of noncompliance, as well as an award of attorney's fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant as to his FCBA claim.

49. The FCCPA provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, declaratory and injunctive relief, as well as an award of attorneys' fees and costs to Plaintiff, should Plaintiff prevail in this matter against Defendant as to his FCCPA claim. *See* Fla. Stat. § 559.77.

## COUNT ONE:
## FAIR CREDIT BILLING ACT –
## VIOLATION OF 15 UNITED STATES CODE, SECTION 1666 *et seq*.

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

50. The FCBA requires a creditor—after receiving notice from an obligor that a billing statement contains an error—to send written acknowledgement of receipt within thirty (30) days. No later than two (2) complete billing cycles—but in no event later than ninety (90) days thereafter and prior to taking any action to collect the amount—the creditor must either: (a) correct the error; or (b) conduct an investigation an send a written explanation containing the reasons why the creditor believes the statement was correct. 15 U.S.C. § 1666a(b).

51. The FCBA further prohibits a creditor, such as Defendant here, from reporting a delinquency on a debt that the obligor has disputed, unless the creditor also reports that the amount is in dispute and, at the same time, notifies the obligor of the name and address of each party to whom the creditor is reporting information concerning the delinquency. 15 U.S.C. § 1666a(b).

52. On or about August 27, 2022, Circle K charged Plaintiff's Credit Card Account two (2) times, specifically, in the amounts of $400.00 and $400.00 (hereinafter, the "Charges"). *See* Ex. A.

53. Plaintiff did not receive the befits of the Charges, did not receive the item he attempted to purchase with the Charges, and was issued a receipt confirming the Charges had been declined.

10

54. Moreover, Plaintiff did not owe a debt to Circle K as of August 27, 2022, and Circle K did not issue a gift card with value to Plaintiff on August 27, 2022.

55. Prior to August 30, 2022, Plaintiff sent a letter to Defendant via facsimile notifying Defendant that Plaintiff was charged twice for an item he did not receive and that Plaintiff did not owe a legitimate debt to Circle K.

56. During or about September 2022, Defendant sent Plaintiff his monthly billing statement for the Credit Card Account which included the two (2) Charges in the total balance allegedly owed.

57. Prior to September 20, 2022—within sixty (60) days of the September 2022 monthly billing statement—Plaintiff sent a completed dispute form to Defendant *again* notifying Defendant that Plaintiff was charged twice for an item he did not receive and that Plaintiff did not owe a legitimate debt to Circle K and disputing the transactions to Defendant.

58. Between August and December 2022, Plaintiff repeatedly disputed the Charges to Defendant and demanded that Defendant credit or reimburse Plaintiff's Credit Card Account.

59. Defendant received Plaintiff's disputes.

60. However, Defendant did not fully and accurately investigate, correct, and/or explain the disputed charges to Plaintiff within thirty (30) days of receiving Plaintiff's written dispute dated August 2022.

61. Defendant did not fully and accurately investigate, correct, and/or explain the disputed charges to Plaintiff within two (2) billing cycles after receiving

11

Plaintiff's written dispute dated August 2022.

62. Defendant knew or should have known that the collective $800.00 in charges and subsequent billing errors were the result of a third-party charging Plaintiff's Credit Card Account without giving Plaintiff the benefit of his purchase, while also claiming that the Charges had been declined because Plaintiff disputed the Charges to Defendant after the charges and also sent a written dispute after the charges explaining that the charges should be reversed.

63. Defendant violated the FCBA, Section 1666(a) by failing to accurately complete its investigation of Plaintiff's claim of fraud.

64. Defendant violated the FCBA, Section 1666(a) by concluding that Plaintiff was responsible in spite of a clear proof Plaintiff was not responsible due to the fact that the $800.00 in charges did not result in a benefit conferred to Plaintiff, did not result in Plaintiff's obtainment of the item he attempted to purchase, and Plaintiff did not owe a debt to Circle K as of August 27, 2022, the day of the Charges.

65. Defendant violated the FCBA, Section 1666(a) by concluding that Plaintiff was responsible for the Charges because Circle K claimed that Plaintiff left the store with the gift card, which in fact, had no balance associated with it.

66. Additionally, as a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, and confusion, believing that despite Plaintiff's repeated dispute efforts, Plaintiff must simply endure Defendant's indifference to his fraud claims and be held financially responsible for an illegitimate debt.

67. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages as defined and permitted by 15 United States Code, Section 1640.

## COUNT TWO:
### UNLAWFUL DEBT COLLECTION PRACTICE – VIOLATION OF FLORDA STATUTES, SECTIONS 559.72(7)

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

68. Defendant is subject to, and violated the provisions of, Florida Statutes, Section 559.55(7) by collecting a consumer debt from Plaintiff through means which can reasonably be expected to abuse or harass Plaintiff.

69. Specifically, Defendant possessed actual knowledge that Plaintiff did not legitimately owe the Alleged Debt because before September 2022, Plaintiff informed Defendant that the transactions charged to his Credit Card Account on August 27, 2022 by Circle K—totaling $800.00—did not result in a benefit conferred to Plaintiff, had been presented as declined to Plaintiff, and that Plaintiff did not owe a debt to Circle K as of August 27, 2022.

70. Despite Defendant knowing that Plaintiff did not legitimately owe the Debt, Defendant subsequently sent three (3) billing statements—dated September 2022, November 2022 and December 2022, respectively—directly to Plaintiff advising that Plaintiff was responsible for the Charges totaling $800.00 and demanding payment from Plaintiff on the Alleged Debt.

71. Defendant's immediately-aforementioned billing statements constitute communications made by Defendant in an attempt to collect the Alleged Debt from

Plaintiff.

72. Defendant did not possess the legal right to assert the $800.00 balance owed on the Alleged Debt from Plaintiff because the $800.00 was created as a result of erroneous, illegitimate transactions made on Plaintiff's Credit Card Account.

73. In other words, Defendants' conduct served no purpose other than to wrench payment from Plaintiff.

74. Defendants' willful violation of, *inter alia*, the Florida Consumer Collection Practices Act as a means to collect the Debt constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

75. As a direct and proximate result of Defendants' action, Plaintiff sustained damages as defined by Florida Statutes, Section 559.77.

### COUNT THREE:
### UNLAWFUL DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES, SECTION 559.72(9)

Plaintiff re-alleges paragraphs one (1) through forty-nine (49) as if fully restated herein and further states as follows:

76. Defendant is subject to, and both violated the provisions of, Florida Statutes, Section 559.72(9) by communicating with Plaintiff in an attempt to collect the Alleged Debt despite Defendant receiving notice and possessing knowledge that the Alleged Debt is not legitimately owed by Plaintiff.

77. Specifically, Defendant possessed actual knowledge that Plaintiff did not legitimately owe the Alleged Debt because before September 2022, Plaintiff informed Defendant that the transactions charged to his Credit Card Account on August 27,

2022 by Circle K—totaling $800.00—did not result in a benefit conferred to Plaintiff, had been presented as declined to Plaintiff, and that Plaintiff did not owe a debt to Circle K as of August 27, 2022.

78. Despite Defendant knowing that Plaintiff did not legitimately owe the Debt, Defendant subsequently sent three (3) billing statements—dated September 2022, November 2022 and December 2022, respectively—directly to Plaintiff advising that Plaintiff was responsible for the Charges totaling $800.00 and demanding payment from Plaintiff on the Alleged Debt.

79. Defendant's immediately-aforementioned billing statements constitute communications made by Defendant in an attempt to collect the Alleged Debt from Plaintiff.

80. Defendant did not possess the legal right to assert the $800.00 balance owed on the Alleged Debt from Plaintiff because the $800.00 was created as a result of erroneous, illegitimate transactions made on Plaintiff's Credit Card Account.

81. As such, Defendant attempted to collect the Alleged Debt—an amount known to be illegitimate—and asserted legal rights that do not exist in its communications with Plaintiff made in an attempt to collect the Alleged Debt.

82. As a result of Defendant's actions, Plaintiff suffered emotional distress, anxiety, inconvenience, frustration, annoyance, and confusion, believing that Plaintiff must simply endure Defendant's indifference to his claims and be held financially responsible for an illegitimate debt.

83. As a direct and proximate result of Defendant's actions, Plaintiff

sustained damages as defined by Florida Statutes, Section 559.77.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of Defendant's conduct, Plaintiff respectfully requests an entry of:

    a.    Actual damages;

    b.    Maximum statutory damages under the FCBA in the amount of double the finance charge, pursuant to 15 U.S.C. § 1640(a)(2), with a minimum award of $500 and a maximum award of $5,000, or such higher amount as may be appropriate in light of the Defendant's pattern or practice of noncompliance;

    c.    Pursuant to 15 U.S.C. § 1666(e), an order requiring Defendant to forfeit any right to collect the first $50 of the disputed amount and any finance charges thereon from Plaintiff;

    d.    An order requiring Defendant to credit Plaintiff with the disputed amount and related finance charge or other charges;

    e.    Judgment declaring that Defendant violated the FCCPA;

    f.    Maximum statutory damages under the FCCPA in the amount of $1,000.00;

    g.    Punitive damages;

    h.    Costs and attorney fees; and

    i.    Such other relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiff hereby gives notice to Defendant and demands that Defendant and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

/s/ *Aaron M. Swift*
**Aaron M. Swift, Esq., FBN 0093088**
Jordan T. Isringhaus, Esq., FBN 0091487
Sean E. McEleney, Esq., FBN 125561
8380 Bay Pines Blvd.
St. Petersburg, FL 33709
Phone: (727) 490-9919
Fax: (727) 255-5332
aswift@swift-law.com
jisringhaus@swift-law.com
smceleney@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*